The following constitutes
the order of the court. Signed September 9, 2013

_____
M. Elaine Hammond
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                              Case No. 08-44503 MEH
MARCO A. GUTIERREZ AND                             Chapter 7
JENNIFER V. GUTIERREZ,
                Debtors/

MEMORANDUM DECISION

    Debtors' request this court find that John Diaz Coker ("Coker") and Irene Macias ("Macias") be held in contempt for violation of the discharge injunction entered in this case ("Motion").

    The procedural history of the Motion is unusual and bears clarifying. Debtors initially filed a complaint in an adversary proceeding (case no. 12-4005) against Coker, Macias, Margot Coker, Miguel Macias and Lorena Mendez. They subsequently dismissed the complaint against Margot Coker, Miguel Macias and Lorena Mendez. The complaint asserted a claim for violation of the discharge injunction and additional state law claims. The court abstained as to all claims other than those asserting a violation of the discharge injunction. There is no private right of action to enforce the discharge injunction, making civil contempt the appropriate remedy for violations of the injunction. *Walls v. Wells Fargo Bank*, 276 F.3d 502 (9th Cir. 2002). Accordingly, the court interpreted the complaint as the Motion for civil contempt for violation of the discharge injunction in the reopened bankruptcy case. The court interpreted defendants' answers as oppositions to the Motion. All parties then filed declarations regarding the factual issues. The court held an evidentiary hearing

1

on August 29, 2013, on the issue of whether Macias had knowledge of the Debtors having obtained a bankruptcy discharge.[1]

Debtors' bankruptcy case

Debtors filed this Chapter 7 case on August 19, 2008. Debtors have filed a total of 14 bankruptcy cases (either jointly or individually). Of these, two cases were filed prior to this bankruptcy case. This is the only case in which Debtors obtained a discharge.

Initially, Debtors did not schedule any debt to Macias or list her as a creditor. Two and a half months after the case was filed, Debtor filed an amended Schedule F listing Macias as a creditor. The amended Schedule F was filed after the court served a notice of possible dividends in the case. There is no record of Macias having received notice from the court of the bankruptcy filing at this time, or of the opportunity to file proofs of claim. Debtors obtained a discharge on May 27, 2009.

Coker was not, and never has been, a creditor of Debtors.

Alleged actions in violation of discharge

On September 13, 2011, Debtors filed a complaint for slander and defamation in the Contra Costa Superior Court (case no. C11-02165) against Macias and other parties. Macias filed an answer and cross-complaint on October 24, 2011 (the "Cross-Complaint"). The Cross-Complaint alleged a claim for recovery of unpaid commissions and wages from Debtors. Macias filed the Cross-Complaint *in pro per*. Sometime thereafter, Coker began representing Macias in the state court action. On November 28, 2011, Coker received a letter from Debtors providing notice of their discharge. Macias voluntarily dismissed the Cross-Complaint on February 7, 2012.

---

[1] This memorandum decision constitutes the court's findings and conclusions as required by FRBP 7052.

Analysis

A party who knowingly violates the discharge injunction can be held in contempt under Section 105(a) of the Bankruptcy Code[2]. *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 507 (9th Cir. 2002). Violation of a discharge injunction requires proof that the creditor (1) knew the discharge injunction was applicable and (2) intended the actions, which violated the injunction. *In re Zilog, Inc.*, 450 F.3d 996, 1007 (9th Cir. 2006). A party seeking contempt sanctions has the burden of proving by clear and convincing evidence that sanctions are justified. *In re Bennett*, 298 F.3d 1059, 1069 (9th Cir. 2002). Thus, Debtors have the burden of establishing Macias and Coker knew of the discharge, and that they intended any actions which violated the injunction.

*No finding of contempt by Macias:*

Debtors assert Macias had knowledge of the bankruptcy discharge because she received the order discharging debtors (the "Discharge Order") from the court. Through the Bankruptcy Noticing Center, Macias was served with the Discharge Order on May 29, 2009, at 31 Sandhill Crane Court, Oakley, California. However, Macias testified that she moved from her home at this location in March 2009 following a foreclosure and writ of possession—two months prior to Debtors' discharge. Macias further testified that she set up mail forwarding at the post office, but that due to an error by the post office mail continued to be delivered to her former home. Macias admitted that she had knowledge of the Debtors' bankruptcy filings because of her friendship with the Debtors at that time, but did not know that they obtained a discharge in this case. There is no evidence to the contrary.[3] The court finds that Debtors did not establish by clear and convincing evidence that Macias knew the discharge injunction was applicable, so the court declines to find contempt as to Macias.

---

[2] 11 U.S.C. §§ 101, et. seq.

[3] The recent declaration of Jennifer Gutierrez (docket # 115) also asserts that Macias was informed of the Debtors' having obtained a discharge during a December 2010 settlement conference. The court notes that this appears to be the only time knowledge on this basis is asserted in the 18 months of proceedings before this court and the state court, and in the approximately 11 inches of pleadings filed on the issue of violation of the discharge. At the evidentiary hearing, no testimony was provided as to this allegation. The court finds it is not clear and convincing evidence that Macias knew of the discharge.

3

*No finding of contempt by Coker:*

The allegations of contempt as to Coker are unusual. Coker has never been a creditor of Debtors. Nor did he have any involvement with the Debtors at the time of their discharge. Instead, Debtors assert Coker assisted Macias in preparation of her Cross-Complaint, and failed to dismiss immediately the Cross-Complaint after receiving notice of the discharge in a letter from Debtors.

Macias filed her cross-complaint on October 24, 2011. In a letter received by Coker on November 28, 2011, Marco Gutierrez advised Coker that the debt included in Macias' Cross-Complaint was discharged and any collection action violated federal law. Coker responded promptly on November 30, 2011. He acknowledged that Debtors' provided a partial copy of the Discharge Order, stated that if the information provided was correct that no further action to collect on the asserted claim would be taken, noted that Macias lacked knowledge of the discharge, and indicated he would review whether setoff of the discharged debt might still be available. Macias subsequently filed a motion to amend the Cross-Complaint to assert only a claim for set-off. Prior to any amendment, she voluntarily dismissed the Cross-Complaint on February 7, 2012.

Coker is not alleged to have any knowledge of Debtors' discharge prior to November 28, 2011. The actions of counsel following this informal notice are not a clear violation of the discharge injunction. In sum, on behalf of his client Coker sent letters to Debtors stating he would investigate whether a discharge had been entered and whether setoff may be allowed after discharge, filed a motion to amend the Cross-Complaint to remove a claim for recovery and assert a claim for setoff,[4] and filed a dismissal of the Cross-Complaint.

The court finds that Debtors did not establish that Coker had knowledge of the discharge injunction prior to November 28, 2011, or that his actions after this date resulted in a violation of the injunction.

*Additional allegations:*

Debtors' Motion includes numerous allegations that Macias violated the discharge injunction by cooperating with an investigation of the Department of Real Estate into Debtors' business practices and by speaking against Debtors' business operations within their religious community. The court finds that the

---

[4] Debtors were not required to file any pleadings in opposition to this motion and the motion was never ruled upon by the state court.

4

discharge injunction is not a prohibition on all forms of speech, and there is no evidence that these actions were undertaken in order to collect on a discharged debt. Simply put, harm to Debtors' business would be counter to any collection efforts.

Contemporaneous with the issuance of this memorandum decision, the court is issuing an order denying Debtors' motion for contempt.

**END OF MEMORANDUM DECISION**

COURT SERVICE LIST

Terrence A. Beard
Law Offices of Terrence A. Beard
525 Marina Boulevard
Pittsburg, CA 98013

Marco Gutierrez and
Jennifer Gutierrez
3985 Bolinas Pl.
Discovery Bay, CA 94505